IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JORGE RAMIREZ**<br><br>**Plaintiff,**<br><br>vs.<br><br>**PUERTO RICO TOURISM COMPANY, PUERTO RICO CONVENTION BUREAU INC., J WALTER THOMPSON PUERTO RICO, INC., and TURKEL SCHAPS, INC.**<br><br>**Defendants.** | Case No. 3:15-cv-02487-CCC |

**MOTION TO STRIKE:** *NOTICE OF CHARGING LIEN, DOCKET 163*

**TO THE HONORABLE COURT:**

  **COMES NOW** Plaintiff, through their undersigned attorneys, and before this honorable court respectfully state, allege and pray:

  1.  Tamaroff Law, P.A. and attorney David F. Tamaroff ("Tamaroff") filed on June 11, 2019 a *Notice of Charging Lien* (the "Notice") in the present case. *See Docket 163.*

  2.  For the reasons stated below, Plaintiff does not recognize any charging lien or legal obligation towards Tamaroff Law, P.A. and/or attorney David F. Tamaroff in the present matter.

  3.  In its introductory paragraph of the Notice it states that *"Tamaroff's lien is for legal services rendered to Plaintiff in this litigation for which Tamaroff has not been*

1

*compensated.*" Plaintiff disagrees. Tamaroff and all the attorneys, firms, associates, etc. that have been contracted without Plaintiff's consent have already collected over $155,000 in fees and/or costs as part of the alleged contingency fee-based agreement.

4. On paragraph 1 of the Notice it states that "*Tamaroff was retained by Plaintiff to represent him, in this matter pursuant to a written Representation & Contingency Fee Agreement that was executed on or about July 17, 2014.*" Plaintiff disagrees. The only Agreement Plaintiff signed was with the law firm of <u>Tamaroff & Tamaroff, P.A.</u> Plaintiff has no agreement with Tamaroff, P.A. or attorney David F. Tamaroff in its individual capacity.

5. Since July 17, 2014 Mr. Tamaroff, Esq. has been changing jobs through various Florida law firms. Mr. Tamaroff is currently a member of the law firm of Morgan & Morgan. Every time Mr. Tamaroff changed law firms, he sent a new representation agreement to Plaintiff, which Plaintiff has never signed. To date Plaintiff has received various legal representation agreements from Tamaroff & Tamaroff, P.A., Lipscomb & Partners, PLLC and Morgan & Morgan, etc.

6. Although Plaintiff only signed agreement was with Tamaroff & Tamaroff, P.A., the account statements he received were from the law firm of Lipscomb, Eisenberg & Baker, P.L.

2

7. All the above, mixed with lack of communication and uncomfortable situations between the attorneys that appeared on his behalf on the case, led Plaintiff to change his legal representation.

8. In the jurisdiction of Puerto Rico an attorney is not entitled to withhold the client's documents and papers, as well as there **does not exist an attorney's lien on the judgment money obtained in a suit**, *In Re Velez* 103 D.P.R. 590(1975), *citing*, *Cornier v. Superior Court*, 96 P.R.R. 246, 248-249 (1968), even though controversies regarding certain attorney's fees intervene. This rule is a corollary of the liberty of selection which every citizen has to entrust a professional action to an attorney, and should he deem it convenient, to withdraw the same from him; as a last resort the protection and seeking of justice cannot be subject to nor be stopped on the ground that the attorney's fees agreed have not been satisfied. Puerto Rico recognizes no attorney's lien for professional services. *A. Mendez & Bro. v. Chavier*, 39 P.R.R. 661 (S.Ct.1929).

9. Tamaroff raises the Laws of Florida as the applicable to the relationship between Plaintiff and Tamaroff, but the case is being seen in the jurisdiction of Puerto Rico, with the acquiescence of Tamaroff. Tamaroff filed the case originally in Florida, but as per *Docket 32*, Tamaroff voluntarily agreed to move the case to the District Court of Puerto Rico.

10. Since attorney charging liens do not exist under the Puerto Rico jurisdiction and this Honorable Court does not have jurisdiction over an attorney-client controversy under Florida Law, the notice of charging lien should be stricken from the record.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the above and strike the Notice of Charging Lien at Docket 163.

**RESPECTFULLY SUBMITTED.**

I HERBY CERTIFY that I electronically filed the foregoing with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filling to the attorneys of record.

In San Juan, Puerto Rico, this 21 day of June, 2019.

**RIVERA ASPINALL, GARRIGA
& FERNANDINI, PSC**
1647 Adams St.
Summit Hills
San Juan, PR 00920-4510
TEL: 787-792-8644
Fax: 787-792-6475

*/s/Julian R. Rivera-Aspinall*
Julian R. Rivera-Aspinall
USDC PR# 208506
Email: aspinall@ragflaw.com

*/s/Eduardo R. Jenks Carballeira*
Eduardo R. Jenks Carballeira
USDC PR# 300110
Email: edjenks@yahoo.com